HENSEL, BRUCKMANN & LORBACHER *v.* UNITED STATES (No. 1003).[1]

LITHOGRAPHIC PRINTS OF DIFFERENT THICKNESSES.

The narrow strips of hinges to which the lithographic prints are united to make up the folding pictures appear as serving simply to join one with the other and not as a formation or base upon which the print is mounted or pasted. The first part of the proviso to paragraph 412, tariff act of 1909, alone applies.

United States Court of Customs Appeals, April 22, 1913.

APPEAL from Board of United States General Appraisers, G. A. 7382 (T. D. 32733).

[Affirmed.]

*Comstock & Washburn (George J. Puckhafer* of counsel) for appellants.

*William L. Wemple,* Assistant Attorney General (*Martin T. Baldwin,* special attorney, of counsel), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

DE VRIES, Judge, delivered the opinion of the court:

The merchandise the subject of this appeal consists of so-called "pull cards" or "folding pictures." They are made of lithographic prints on paper of different thicknesses, embossed, cut out, and attached together, so that they may be folded flat or pulled open. In that form the lithographed pictures stand out in separated relief representing an assemblage of floral or other designs. The lithographic prints are of different thicknesses and are fastened together by heavier paper, operating as hinge strips. The cards proper vary in size from 3 to 4 inches in width and from 6 to 8 inches in length, and the lithographic printing is alike shown to be directly on the heavier and thinner paper used in the make-up of the articles.

The applicable portion of the law is the proviso to paragraph 412 of the tariff act of 1909, which reads:

412. * * * *Provided,* That in the case of articles hereinbefore specified the thickness which shall determine the rate of duty to be imposed shall be that of the thinnest material found in the article, but for the purposes of this paragraph the thickness of lithographs mounted or pasted upon paper, cardboard, or other material, shall be the combined thickness of the lithograph and the foundation on which it is mounted or pasted.

[1] Reported in T. D. 33370 (24 Treas. Dec., 593).

We agree with the Board of General Appraisers in its construction of this proviso. As drawn it covers two classes of articles. Its literal import applies, first, to a class of articles such as these, which are composed of lithographic prints of different thicknesses; and, secondly, to a class of articles made up of lithographic prints mounted or pasted upon paper, cardboard, or other material. We do not think the latter portion of the proviso, as it appears in the act, applies to such articles as these. They do not seem to be "mounted or pasted" upon paper, cardboard, or other material. The narrow strips of hinges to which the lithographic prints are united to make up the folding pictures seem to serve merely to join the one with the other and not as a foundation or base upon which the print is mounted or pasted. In that view the latter portion of the proviso is not applicable to this merchandise, and for the purposes of this case we are concerned alone with the first portion thereof. That, standing alone, seems to be clear, and confines the ascertainment of duty to the determination of which is the thinnest lithographic material found in the article. So far as this record shows that was the course pursued by the collector, whose decision was affirmed by the board. It follows that the decision of the Board of General Appraisers should be, and is, *affirmed.*