NIPPON YUSEN KAISHA *v*. UNITED STATES (No. 2275).[1]

LITHOGRAPHED CALENDARS.

Paragraph 325, tariff act of 1913, provides for certain articles of lithographed paper at rates varying according to thickness. Calendars made up of a lithographically printed pasteboard foundation to which is pasted and fastened with three wire staples a calendar pad consisting of 12 sheets of lithographically printed paper sewed together, are entireties for the purpose of determining the thickness.

[1] T. D. 39887.

United States Court of Customs Appeals, November 17, 1923.

APPEAL from Board of United States General Appraisers, Abstract 45789.

[Reversed.]

*Comstock & Washburn* (*George J. Puckhafer* of counsel) for appellant.
*William W. Hoppin*, Assistant Attorney General (*Samuel M. Richardson* and *Oscar Igstaedter*, special attorneys, of counsel), for the United States.

[ Oral argument October 18, 1923, by Mr. Puckhafer and Mr. Richardson.]

Before MARTIN, Presiding Judge, and SMITH, BARBER, and BLAND, Associate Judges.

SMITH, Judge, delivered the opinion of the court:

Lithographically printed calendars imported at Seattle and classified by the collector of customs as lithographically printed articles containing lithographic material not exceeding eight one-thousandths of an inch in thickness were assessed for duty at 15 cents per pound, under that part of paragraph 325 of the tariff act of 1913 which reads as follows:

325. Pictures, calendars, * * * and other articles composed wholly or in chief value of paper lithographically printed * * * shall pay duty at the following rates: * * * all other articles not exceeding eight one-thousandths of an inch in thickness, 15 cents per pound; * * * providing that in the case of articles hereinbefore specified the thickness which shall determine the rate of duty to be imposed shall be that of the thinnest lithographed material found in the article. * * *

The importer protested that the calendars were over twenty one-thousandths of an inch in thickness and that they were therefore dutiable at 5 cents per pound under the provisions of paragraph 325 which reads as follows:

325. Pictures, calendars, * * * all other articles * * * exceeding * * * twenty one-thousandths of an inch in thickness, 5 cents per pound, providing that in the case of articles hereinbefore specified the thickness which shall determine the rate of duty to be imposed shall be that of the thinnest lithographed material found in the article, *but for the purpose of this paragraph the thickness of lithographs mounted or pasted upon paper, cardboard, or other material shall be the combined thickness of the lithograph and the foundation upon which it is mounted or pasted:* * * * (Italics not quoted.)

The Board of General Appraisers overruled the protest and the importer appealed.

The samples in evidence and the uncontradicted testimony in the case establishes that the calendars consist of a lithographically printed pasteboard base or foundation at least ten one-thousandths of an inch thick, to which is pasted and fastened with three wire staples a pad consisting of 12 sheets of paper sewed together. Each sheet of the pad is three one-thousandths of an inch in thickness and has lithographically printed thereon the year, the appropriate month of the year, the days of the week, and the corresponding days of the month. The pad as found in the importation is an

entirety and as an entirety it is not only pasted to the base or foundation but is mounted thereon by attaching it thereto with wire staples. Considering that the statute expressly provides that the thickness of lithographs mounted or pasted on paper, cardboard, or other material shall be the combined thickness of the lithograph and the foundation upon which it is mounted or pasted, and that the thickness of the lithographically printed foundation combined with that of the pad taken as an entirety. exceeds twenty one-thousandths of an inch, we see no escape from the conclusion that the importation was dutiable at 5 cents per pound under paragraph 325, as claimed by the importer. Hensel et al. *v.* United States (4 Ct. Cust. Appls. 94; T. D. 33370) cited by the Government is not in point inasmuch as the lithographic prints there involved were not pasted to the foundation or mounted thereon, but were hinged together by small strips of paper or cardboard.

The finding of the board that the lithographically printed month sheets were not mounted or pasted to the foundation is not only wholly unsupported by the evidence, but is against the evidence furnished by the official samples and the testimony in the case.

The judgment of the board must therefore be *reversed*.