BEFORE THE SECOND DIVISION, SEPTEMBER 15, 1938

**No. 39363.**—Protest 944027–G of Wing Duck & Co. (San Francisco).

Opinion by KINCHELOE, J.   It is contended that the total thickness of the 12 sheets and top cover, constituting the pads or calendars, should be taken as the thickness for dutiable purposes instead of the thickness of the individual sheets in said pad.   It was held that the 12 sheets with the top page constituting the article is an article in itself under paragraph 1406 and cannot be said to be mounted or pasted on paper, cardboard, or other material.   *Nippon* v. *United States* (12 Ct. Cust. Appls. 5, T. D. 39887) noted.   The protest was therefore overruled.

**No. 39364.**—Protests 866781–G, etc., of Artmart Linen Co., Inc., et al. (New York).

Opinion by KINCHELOE, J.   Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE THIRD DIVISION, SEPTEMBER 15, 1938

**No. 39365.**—Protests 944086–G, etc., of F. W. Woolworth Co. (San Francisco).

Opinion by KEEFE, J.   In accordance with stipulation of counsel and on the authority of *Woolworth* v. *United States* (T. D. 47647) the claim for free entry under paragraph 1703 was sustained.

**No. 39366.**—Protests 865579–G, etc., of Cambridge Rubber Co. (Boston).

Opinion by KEEFE, J.   It was shown that the drums are of light construction and suitable for use only as one-time shippers, that they were emptied by punching large holes in the bottom and a few in the top as air vents, and that when emptied are discarded as junk and not suitable as containers.   The claim for free entry was sustained on the authority of Abstract 38363.